JOURNAL ENTRY AND OPINION
Defendant-appellant, Ruben W. Jones, Jr., appeals the judgment of the Cuyahoga County Court of Common Pleas, rendered after a bench trial, finding him guilty of possession of drugs, in violation of R.C. 2925.11. Appellant contends that his conviction was against the manifest weight of the evidence. Finding no merit to appellant's appeal, we affirm.
On May 31, 2000, the Cuyahoga County Grand Jury indicted appellant on one count of drug possession, in an amount less than one gram, in violation of R.C. 2925.11. Appellant pled not guilty and waived his right to a jury trial. On May 8, 2001, the matter proceeded to a bench trial.
Cuyahoga Metropolitan Housing Authority (CMHA) Officer Michelle Morenz testified that in response to numerous complaints of drug activity in the area, on the evening of April 7, 2000, she and her partner, Officer Eric Rives, were parked behind a building in the 2600 block of Cedar Avenue, conducting surveillance. At approximately 8:00 p.m., while it was still light, the officers, using binoculars from a distance of approximately one hundred feet, saw a female approach appellant in an alcove and "engage in a hand-to-hand drug transaction." Following the transaction, the female walked westbound on Cedar Avenue toward East 22nd Street, while appellant proceeded eastbound on Cedar Avenue towards East 30th
Street. The officers radioed for backup and then pursued appellant in their patrol car.
Morenz testified that they approached appellant as he was walking on East 30th Street a little past Cedar Avenue. Officer Rives pulled the patrol car close to the curb and Morenz exited the car yelling "Police, stop." According to Morenz, as she was getting out of the car, appellant, who was ten feet away from her, "took his right hand out of his pocket, put a bag to his mouth, then threw the bag down." Morenz testified that she had been involved in thousands of arrests involving illegal narcotics and, in her experience, one of the ways people quickly get rid of illegal drugs is to chew them up and swallow them.
Morenz picked up the baggie and began running after appellant. Morenz soon caught appellant and as she turned him around after handcuffing him, she noticed some white residue on his mouth. The parties stipulated that the residue found in the baggie recovered by Officer Morenz was powder cocaine.
On cross-examination, Morenz agreed that there was a bus stop in the area but testified that appellant was "way past" the bus stop when he was apprehended.
CMHA Officer Eric Rives testified that he and Officer Morenz were conducting surveillance in the area of 2610 Cedar Avenue on April 7, 2000 in response to multiple drug incidents at that location. Rives testified that he had been a police officer for over ten years and had been involved in hundreds of arrests involving illegal narcotics.
According to Rives, he and Morenz observed a female approach appellant "in a little tunnel area" and then saw a "hand-to-hand transaction" between the two individuals. After the transaction, the female walked westbound and appellant walked eastbound toward East 30th Street. Rives testified that the officers called for additional assistance and then pursued appellant in their marked patrol car.
As Rives pulled the car onto East 30th Street, the officers observed appellant turning the corner of Cedar and East 30th. Rives pulled the car in front of appellant and Morenz yelled for him to stop. According to Rives, appellant then "reached in his pocket, put something in his mouth, threw something down [and] took off running." Rives testified that Morenz exited the car, stopped momentarily to pick something up and then began chasing appellant, who had started running toward the corner of East 30th Street and Cedar Avenue. Rives testified that when Morenz put appellant in the patrol car after apprehending him, he observed "chalky substance" on his mouth. Rives also testified that appellant had passed the bus stop on the corner of East 30th and Cedar when he was apprehended.
Appellant testified that at the time of his arrest, he lived on Chagrin Boulevard. According to appellant, on the evening of April 7, 2000, he was at Tri-C Community College trying to get some used books. He left the college and walked toward the bus stop in the dark and rain, intending to catch the Number 8 bus to go home. Appellant testified that as he approached the bus stop, a police car pulled up on the curb in front of him. Thinking the car was going to hit him, he jumped behind the gates surrounding the buildings on the street, where he was subsequently apprehended.
Appellant denied that he attempted to flee from the officers and testified that he is an athlete with "excellent speed," so if he had run, "she would have never caught me." He also denied that he was with or made any transaction with a female at any time during the evening of April 7, 2000, or that he had any drugs or a baggie in his possession that evening. Appellant also denied that he put anything from the baggie in his mouth or that he threw the baggie down on the ground. According to appellant, Morenz picked up the baggie after she apprehended him. Finally, appellant testified that at the time of his arrest, he had only $7 and a bus pass on his person.
The trial court found appellant guilty of possession of drugs, in violation of R.C. 2925.11, a fifth degree felony, and sentenced him to three months of community control sanctions, plus costs and a $100 probation supervision fee. Appellant timely appealed, raising one assignment of error for our review:
 THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. Weight is not a matter of mathematics, but depends on its effect in inducing belief. Id.
When reviewing a claim that the judgment in a criminal case is against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Thompkins, supra, citing State v. Martin
(1983), 20 Ohio App.3d 172, 175.
Appellant asserts that his conviction was against the manifest weight of the evidence because the evidence produced by the State at trial was "unreliable, contradictory and incredible." Specifically, appellant challenges the State's evidence that he was involved in a hand-to-hand drug transaction, that he ran from the police officers, that he had a white, chalky substance in or around his mouth when he was apprehended and that he threw down a baggie containing cocaine residue. Appellant asserts that he proffered testimony contradicting all of this evidence and, therefore, his conviction was against the weight of the evidence. We disagree.
It is true that the conflicting testimony of appellant and the police officers required the judge's resolution. It is within the purview of the factfinder, however, to believe part or all of any testimony it hears. We, as a reviewing court, must only consider whether the evidence and any reasonable inferences therefrom can support the verdict. In so doing, we consider the witnesses' credibility and whether the factfinder lost its way in resolving conflicts in the evidence. State v. Jordan (Feb. 14, 2002), Cuyahoga App. Nos. 79469 and 79470, unreported.
Here, appellant's credibility regarding the events of April 7, 2000 is open to suspicion. Although appellant testified that he was at Tri-C Community College that evening to buy used books, he had only $7 on his person when he was apprehended, an amount obviously not enough to buy college textbooks. Furthermore, although appellant testified that he was walking to the bus stop when Officer Rives pulled the patrol car in front of him, other evidence indicated that he was well past the bus stop when he was apprehended.
Appellant's testimony that he was not involved in a hand-to-hand drug transaction that evening and his assertion that he was "stopped simply because he was the next male that the police saw who resembled the male allegedly involved" in the transaction are similarly suspect. First, both officers testified that they were using binoculars and it was light out that evening so their visibility was good. Moreover, when asked whether the individual she apprehended at East 30th Street was the same individual she observed in the hand-to-hand transaction, Officer Morenz testified that she knew it was the same individual because she recognized his clothes: "Yes, he had on a black dew rag. He had on a ball cap over the dew rag." In light of this testimony, the judge, as factfinder, could have reasonably chosen not to believe any of appellant's testimony regarding the events of April 7, 2000.
Officer Morenz and Officer Rives testified that when they pulled their squad car in front of appellant, they saw him put something in his mouth, throw something down and then take off running. Moreover, Morenz testified that she observed "a white residue" on appellant's mouth when he was apprehended; Rives testified that he observed a "chalky substance" on his mouth. Significantly, Officer Morenz, who had extensive experience regarding illegal narcotics, testified that one of the ways people quickly get rid of illegal drugs is to swallow the drugs. Finally, the parties stipulated that the substance found in the baggie confiscated by Officer Morenz was powder cocaine residue. In light of this testimony, the judge could have reasonably inferred that, despite appellant's protestations to the contrary, he put the baggie containing powder cocaine to his mouth and tried to swallow the cocaine in the baggie in order to avoid detection by the police. Therefore, it cannot be said that the judge lost her way and created such a miscarriage of justice that appellant's conviction must be reversed.
Appellant's conviction for drug possession was not against the weight of the evidence and, therefore, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and TERRENCE O'DONNELL, J., CONCUR.